STATE OF WEST VIRGINIA

**DAVID MILLS,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 16-0101** (BOR Appeal No. 2050672)
(Claim No. 2013028109)

**ALPHA NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Mills, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 5, 2016, in which the Board affirmed a June 25, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 24, 2014, decision to close the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mills, a buggy operator for Alpha Natural Resources, injured his right knee and lower back while loading timbers in a scoop on March 12, 2013. A March 29, 2013, MRI of the right knee showed that the ligaments were intact; however, there was a small amount of fluid along the popliteus reflection sheath and some diffuse inflammation of the MCL. Also shown was a small amount of fluid between the medial meniscus and the MCL. There was mild

1

inflammation in the ACL as well. There was no fracture or dislocation. There were large spurs in the distal femur. The proximal tibia and posterior patella showed marginal spurring, pointing of the tibial eminence, and cystic collection in the posterior aspect of the medial tibial plateau, which was likely related to meniscal insufficiency. Cartilage erosion was also seen at the far posterior aspect of the lateral femoral condyle. The muscles were unremarkable and negative for a tear or soft tissue mass.

From March 20, 2013, through March 31, 2014, Mr. Mills was treated by Christopher Grose, D.C., who suggested manipulation, correctional exercises, cryotherapy, deep myofascial release, and lumbar traction. On June 7, 2013, Mr. Mills underwent a right knee arthroscopy. An MRI of the right knee performed on January 15, 2014, revealed a signal abnormality within the posterior horn and body segment of the medial meniscus; however, this was attributed to the earlier surgery. There was a grade 3 chondromalacia of the patella and tricompartmental osteoarthritis. On May 21, 2014, Mr. Mills underwent another right knee arthroscopy.

A June 5, 2014, progress note from Brett Whitfield, M.D., indicated that at the time of his surgery, additional areas of cartilage loss in the trochlea were found and therefore he was not a candidate for the osteoarticular transfer system procedure for his lateral femoral condyle defect. He was also noted to have multiple loose bodies as well as a meniscal tear about the medial aspect of his knee.

An independent medical evaluation report was completed by Paul Bachwitt, M.D. on August 22, 2014, in which Dr. Bachwitt opined, after examining Mr. Mills, that Mr. Mills had reached maximum medical improvement. Dr. Bachwitt noted that he did not think any additional injections or surgical procedures would be helpful, but stated that he could follow-up with his treating physician. He stated that Mr. Mills was not working but felt that he could perform light duty work and progress to medium duty work over a period of eight weeks. A physician's review performed by Rebecca Thaxton, M.D., on September 4, 2014, indicated that she agreed with Dr. Bachwitt that Mr. Mills was at maximum medical improvement.

In a note from Dr. Whitfield, who treated Mr. Mills on September 23, 2014, the doctor stated that he disagreed with Dr. Bachwitt and suggested more extensive knee surgery. He agreed that a functional capacity evaluation was possible, but opined that Mr. Mills was not at maximum medical improvement. Based upon the evaluations of Dr. Bachwitt and Dr. Thaxton, the claims administrator closed the claim for temporary total disability benefits on September 24, 2014. A plan of care report from Dr. Grose on October 25, 2014, stated that he agreed with Dr. Whitfield that the claimant was not at maximum medical improvement and should have further procedures performed. However a January 7, 2105, independent medical evaluation report from Saghir Mir, M.D., found Mr. Mills to be at maximum medical improvement.

The Office of Judges determined that Mr. Mills failed to show that his claim was improperly closed for temporary total disability benefits. The Office of Judges found that Dr. Bachwitt's independent medical evaluation report completed on August 22, 2014, showed that Mr. Mills had reached maximum medical improvement. The Office of Judges concluded that Dr. Bachwitt's opinion was also shared by Dr. Mir in his January 7, 2015, independent medical

report. The Office of Judges found that even if Mr. Mills was still temporarily and totally disabled, his ongoing disability was attributable to non-compensable conditions. The Office of Judges supported that position by mentioning Dr. Whitfield's September 23, 2014, report, which stated that his pain was due to a loss in cartilage in the trochlea groove and lateral femoral condyle. Dr. Mir agreed and stated that chondromalacia and pallofemoral arthritis has caused degradation in the cartilage in his knee. The Office of Judges noted that chondromalacia has not been added as a compensable condition. The Office of Judges determined that the chondromalacia and cartilage loss was pre-existing. The Office of Judges concluded that Mr. Mills did not submit sufficient persuasive evidence to establish that he had not reached maximum medical improvement. The Office of Judges determined that the claim for temporary total disability benefits was properly closed.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005) temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work, whichever occurs first. Dr. Bachwitt and Dr. Mir both concluded that Mr. Mills was at maximum medical improvement for the compensable injury. Furthermore, the evidence of record supported the finding that any current symptoms are due to chondromalacia, which is not a compensable condition of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3